IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENVER WARD, individually and as the parent and guardian of H.A.B., a minor child,<br><br>                Plaintiff,<br><br>v.<br><br>LAURA FISHER,<br>CAROL L. SWENSON, and<br>BRAD GRUNDY,<br><br>                Defendants. | Case No. 23-CV-554-JFH-JFJ |

## OPINION AND ORDER

Before the Court are a motion to stay filed by Plaintiff Denver Ward ("Ward") [Dkt. No. 35] and multiple motions to dismiss filed by Defendants Laura Fisher ("Fisher") [Dkt. No. 7], Carol L. Swenson ("Swenson") [Dkt. No. 31], and Brad Grundy ("Grundy") [Dkt. No. 22] (the motions to dismiss collectively, "MTDs"). For the reasons stated, the motion to stay is DENIED and the motions to dismiss are GRANTED.

## BACKGROUND

Taking Ward's allegations as true and construing them in the light most favorable to him, as it must at this stage, the Court briefly recounts the allegations in Ward's complaint. Dkt. No. 2-2. Ward has a minor child ("H.A.B.") with Debra Billingsly ("Billingsly"). Ward retained Grundy, an attorney, to represent him in a paternity action against Billingsly in the Oklahoma state court system. The court in the paternity action appointed Fisher as a child custody evaluator and Swenson as a guardian ad litem for H.A.B.

According to Ward, Billingsly inflicted systematic sexual, physical, emotional, and mental abuse on H.A.B. through Munchausen syndrome by proxy. He alleges all three Defendants

"negligently delayed their pursuit of this matter causing further delay and harm to the minor child" and brings claims for breach of contract and negligence against all Defendants, as well as violation of the Eighth and/or Fourteenth Amendment against Fisher and Swenson.[1]  Fisher and Swenson filed motions to dismiss on the basis that they are immune from suit in their court-appointed roles. Grundy filed a motion to dismiss on the basis that Ward's claims against him are time-barred.

## AUTHORITY AND ANALYSIS

### I. Motion to Stay [Dkt. No. 35]

Ward requests the Court stay decision on Fisher's and Swenson's MTDs pending resolution of post-decisional relief in another case within this district.  Dkt. No. 35 (citing *Vietti v. Welsh & McGough, PLLC*, Case No. 21-CV-00058-WPJ-SH, 2024 WL 870562 (N.D. Okla. Feb. 29, 2024)).  He asserts that a Memorandum Opinion and Order issued in *Vietti* "handles the identical immunity arguments raised by Dr. Fisher and Defendant Swenson and, if extended, would be outcome-determinative of both Dr. Fisher's and Defendant Swenson's motions." *Id.* at 2.[2]  The *Vietti* decision is currently on appeal to the Tenth Circuit.  Dkt. No. 45.

Ward claims that a stay would be in the interests of judicial economy because "any appellate decision on [*Vietti*] will likely be binding upon this Court relative to the immunity arguments presented" and "[i]f this Court were to extend the rationale espoused in [*Vietti*] to the facts of this case, prior to Tenth Circuit decision, Mr. Ward would, in all likelihood, appeal that decision as well, resulting in duplicate and unnecessary appeals."  Dkt. No. 35 at 2.

---

[1] Ward initially filed suit in Oklahoma state court, but the case was removed to federal court based on the constitutional claims.  *See* Dkt. No. 2.

[2] Ward does not request a stay of decision on Grundy's MTD because it does not involve immunity arguments.  Dkt. No. 35 at 1 n.1.

Fisher and Swenson oppose a stay. Fisher asserts that a stay would "defer[] recognition of her immunity from suit." Dkt. No. 42 at 3. Swenson references an eight-year litigation history in the case and asserts that Defendants would experience "extreme delay . . . [if] forced to wait at least another 18 months for a decision from the Tenth Circuit" in *Vietti*. Dkt. No. 40 at 4. Both argue that the *Vietti* order demonstrates that the applicable substantive law is well-settled. Dkt. No. 40 at 4; Dkt. No. 42 at 2; Dkt. No. 47.

"[A] district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants." *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) (quotation omitted). However, "[a] stay is an intrusion into the ordinary processes of administration and judicial review." *Nken v. Holder*, 556 U.S. 418, 427 (2009). Thus, "where a movant seeks relief that would delay court proceedings by other litigants he must make a strong showing of necessity because the relief would severely affect the rights of others." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983). Courts consider four factors in deciding whether to exercise their discretion to stay a case: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Nken*, 556 U.S. at 434.

Ward does not make it past the first factor. He makes no argument about the forecasted success of his appeal in *Vietti* (and by extension the forecasted success of the identical arguments in this case). Dkt. No. 35. It is not enough to rely on the sheer fact that an appeal is pending. The *Vietti* decision rejected Ward's counsel's arguments based on well-settled Oklahoma and Tenth Circuit law. *See, e.g.,* 2024 WL 870562 at *3-4 ("Despite this binding, on-point authority, Plaintiff

urges the Court to consider South Carolina law . . . . The Court declines Plaintiff's invitation to apply South Carolina law, especially considering there is controlling Tenth Circuit and Oklahoma caselaw directly on point."). Because Ward has not, and likely cannot, demonstrate a likelihood of success on the merits, the Court progresses no further in the analysis of whether a stay would be appropriate. It clearly would not be.

## II.   Motions to Dismiss

### A. Motion to Dismiss Standard

In considering a motion under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted). Although decided within an antitrust context, *Twombly* stated the pleadings standard for all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. *Twombly*, 550 U.S. at 555; *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007); *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs,* 263 F.3d 1151, 1154-55 (10th Cir. 2001).

### B. Fisher and Swenson Motions [Dkt. No. 7; Dkt. No. 31]

Ward concedes that *Vietti* "handles the identical immunity arguments raised by Fisher and Swenson and, if extended, would be outcome-determinative of both Fisher's and Swenson's motions." Dkt. No. 35 at 2. The Court finds the *Vietti* decision to be well-reasoned, thorough, and solidly based on binding Tenth Circuit and Oklahoma law. The Court adopts and extends *Vietti*'s rationale and therefore will grant the Fisher and Swenson MTDs.

### C. Grundy Motion [Dkt. No. 22]

Ward brings negligence and breach of contract claims against Grundy based on Grundy's legal representation of Ward in the paternity action against Billingsly. Dkt. No. 2-2. Grundy asserts both claims are time-barred. Dkt. No. 22. Ward concedes the negligence claim is time-barred but argues that the breach of contract claim was timely filed within a longer statute of limitations. Dkt. No. 37.

In Oklahoma, actions based on torts such as negligence are subject to a two-year statute of limitations, those based on oral contracts are subject to a three-year statute, and those based on written contracts are subject to a five-year statute. 12 O.S. § 95. Although Ward couches his second cause of action against Grundy as a breach of contract claim, Grundy asserts it is subject to the two-year tort window, or at most the three-year oral contract window, because it is fundamentally a basic legal malpractice claim.

"Oklahoma law has long recognized that an action for breach of contract and an action in tort may arise from the same set of facts." *Flint Ridge Dev. Co. v. Benham-Blair & Affiliates, Inc.*, 775 P.2d 797, 799 (Okla. 1989). In the professional malpractice context, "if the alleged contract of employment merely incorporates by reference or by implication a general standard of skill or care which a defendant would be bound independent of the contract a tort case is presented

5

governed by the tort limitation period." *Great Plains Fed. Sav. & Loan Ass'n v. Dabney*, 846 P.2d 1088, 1092 (Okla. 1993) (emphasis omitted). "However, where the parties have spelled out the performance promised by defendant and defendant commits to the performance without reference to and irrespective of any general standard, a contract theory would be viable, regardless of any negligence on the part of a professional defendant." *Id.*

"The Tenth Circuit and federal district courts in Oklahoma have applied *Dabney* to hold that contracts that merely restate the professional's normal duty of care are sound in tort." *Atkinson v. Oceanus Ins. Co.*, No. 13-CV-762-JED-PJC, 2016 WL 5746210, at *2 (N.D. Okla. Sept. 30, 2016) (collecting cases). Phrased differently, "[a] claim exists solely under tort unless there is shown an express agreement by the defendant to do more than use ordinary care in the treatment or representation of plaintiff." *Tulsa Zoo Mgmt., Inc. v. Peckham Guyton Albers & Viets, Inc.*, No. 17-CV-644-GKF-FHM, 2019 WL 1029544, at *16 (N.D. Okla. Mar. 4, 2019) (quotation omitted).

Ward's complaint alleges he "contracted with and retained Defendant Grundy, an attorney, to both file and represent him in the Paternity Action." Dkt. No. 2-2 at 2. The complaint goes on to say that Grundy "was specifically contracted with by Plaintiff to diligently pursue custody of Plaintiff's daughter, H.A.B." *Id.* at 6. However, the written engagement letter between Ward and Grundy has no specificity beyond that Ward "select[ed] this firm to represent [him] in connection with [his] paternity action with Debra Billingsly." Dkt. No. 37-1 at 1.[3] This merely restates

---

[3] Ward asserts that the Court must convert Grundy's motion to dismiss into a motion for summary judgment to examine the engagement letter between the parties. Dkt. No. 37 at 6. However, it is well established that a court may consider "documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity" without such conversion. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). The engagement letter is clearly central to Ward's claim and neither Ward nor Grundy disputes its authenticity. Conversion is not necessary. *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir.

Grundy's normal duty of care.  Although courts "accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the plaintiff, if there is a conflict between the allegations in the complaint and the content of the attached exhibit, the exhibit controls." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1105 (10th Cir. 2017).  The written engagement letter does not provide grounds for a five-year contract-based statute of limitations.

The longest possible statute of limitations is the three-year oral contract window.[4]  Ward does not assert that his claim would be timely if a three-year statute were applied.  Dkt. No. 37.  "Courts routinely deem an issue 'waived' when a party fails to respond to a movant's substantive argument." *Northcutt v. Fulton*, No. CIV-20-885-R, 2020 WL 7380967, at *2 (W.D. Okla. Dec. 15, 2020) (collecting cases).  *See also Cole v. New Mexico*, 58 F. App'x 825, 829 (10th Cir. 2003)[5] (argument waived when not raised in initial response to motion to dismiss); *Hinsdale v. City of Liberal, Kan.*, 19 F. App'x 749, 768 (10th Cir. 2001) (plaintiff abandoned claim by failing to respond to arguments made in support of summary judgment).  Ward makes no defensible argument that his suit against Grundy is timely under a three-year statute and the Court sees none.

---

2002) (district court properly considered documents that were referred to in the complaint which "the parties invited" the court to consider in ruling on motion to dismiss); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997) (district court properly considered an indisputably authentic document attached to the motion to dismiss where the document was central to plaintiff's claim and plaintiff referred to it in both the complaint and the opposition to the motion to dismiss).

[4]  The Court does not—and cannot on the record before it—decide that Ward and Grundy *had* an oral contract for something beyond the general standard of care for an attorney.  It simply references the longer of the two potential statutes of limitations due to the standard of decision for a motion to dismiss.

[5]  Unpublished opinions are not precedential but may be cited for persuasive value.  Fed. R. App. P. 32.1.

## CONCLUSION

IT IS THEREFORE ORDERED that the motion to stay [Dkt. No. 35] is DENIED.

IT IS FURTHER ORDERED that the motions to dismiss [Dkt. No. 7; Dkt. No. 22; Dkt. No. 35] are GRANTED.  A separate judgment dismissing the case with prejudice will be entered contemporaneously.

DATED this 12th day of June 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE